D. M. GRATTAN Co., INC., Appellant, v. KELLY-SMITH COMPANY, INC., Respondent.— Judgment dismissing the complaint unanimously affirmed, without costs or disbursements to either party. This is an action for the reforma-

tion of a lease. There is no dispute as to the fact that plaintiff leased 1,475 square feet of space from defendant upon an agreed rental of $5 per square foot plus a charge for electricity. Plaintiff claims that the 1,475 feet of space rented was to constitute space that would be reserved solely for its own use — such space referred to by the parties as "usable space". The defendant on the other hand claims that the space was to be made up of not only of that which was to be used solely by the plaintiff, but also plaintiff's proportionate share of the space used in common with other tenants — the total called "rentable space". The plaintiff seeks to reduce the rent payable to have it reflect $5 per foot only for the space actually occupied. The findings of fact and conclusions of law by Trial Term are clear and unambiguous. They constitute a holding that the agreement between the parties was that plaintiff would pay for the "rentable space" as distinguished from "usable space". Such findings and conclusions of law are amply supported by the evidence. The difficulty with this case, however, is that while the court, at the end of the trial, stated that it would find for the plaintiff, it ultimately found for the defendant. Its decision for the defendant was accompanied by findings of fact and conclusions of law. It appears however that although the court stated it would find for the plaintiff, the statements accompanying such declaration indicate that the court had not in fact yet made up its mind with any degree of certainty. Accordingly, the court at that time asked for the submission not only of proposed findings of fact and conclusions of law but also of briefs by counsel. It is quite apparent from the accompanying statements that the declaration for the plaintiff was subject to further consideration. Inasmuch as there were no definitive findings made immediately at the close of the case, but ultimately meticulous findings of fact and conclusions of law amply supported by the evidence (and indeed the only proper findings that could have been made) were made — we conclude that judgment for the defendant must be affirmed. Concur — Steuer, J. P., Tilzer, Rabin, McNally and Bastow, JJ.